ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ERNESTO RUIZ ROMERO<br><br>Parte Apelante<br><br><br>v.<br><br><br>CARIBBEAN RESTAURANT, LLC.<br><br>Parte Apelada | TA2026AP00586 | *Apelación,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>JD2026CV00041<br><br><br>Sobre:<br>Procedimiento Sumario bajo Ley Núm. 2 |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 9 de junio de 2026.

Compareció ante este Tribunal la parte apelante, el Sr. Ernesto Ruiz Romero (en adelante, el "Apelante" o el "señor Ruiz Romero"), mediante recurso de apelación presentado el 5 de junio de 2026. Nos solicitó la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, el "TPI"), el 17 de mayo de 2026, notificada y archivada en autos el 28 del mismo mes y año. Mediante el referido dictamen, el TPI declaró "Ha Lugar" la "**Moción de Desestimación**" presentada por Caribbean Restaurants, LLC (en adelante, "Apelado" o "Caribbean") y desestimó, con perjuicio, el pleito de epígrafe.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, prescindimos de la comparecencia de la parte apelada, al amparo de la Regla 7(B)(5) del Reglamento de este Tribunal,[1] y por los fundamentos que expondremos a continuación, *confirmamos* la *Sentencia* apelada.

### I.

El caso de autos se originó el 20 de enero de 2026, cuando el señor Ruiz Romero presentó una "**Querella**", por derecho propio, contra Caribbean al amparo

---

[1] *Véase*, Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la "Ley de Procedimiento Sumario de Reclamaciones Laborales", 32 LPRA secs. 3118 *et seq.*, y de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, "Ley Sobre Despidos Injustificados", 29 LPRA secs. 185a *et seq.* (en adelante, "Ley Núm. 80"). Mediante la misma, alegó que fue despedido injustificadamente y discriminado por razón de sexo y condición social.

En reacción a ello, el 23 de febrero de 2026, Caribbean contestó la "**Querella**" e invocó las defensas afirmativas de cosa juzgada, impedimento colateral por sentencia y prescripción. Ese mismo día, presentó una "**Moción de Desestimación**", sosteniendo que el Apelante intentaba relitigar controversias ya adjudicadas en los siguientes casos, a saber: (1) Ruiz Romero v. Caribbean Restaurant, LLC, Civil Núm. JD2025CV00543; (2) Ruiz Romero v. Caribbean Restaurant, LLC, y Estado Libre Asociado de Puerto Rico, Civil Núm. J PE2014-0206; KLAN201401270; (3) Ruiz Romero v. Caribbean Restaurant, LLC, y Estado Libre Asociado de Puerto Rico, Civil Núm. J AC2016-024; y (4) Ruiz Romero v. Caribbean Restaurant, LLC, y Estado Libre Asociado de Puerto Rico, Civil Núm. J PE2017-0217. En consecuencia, solicitó que el Tribunal tomara conocimiento judicial de dichos casos. El 22 de abril de 2026, el señor Ruiz Romero presentó una moción intitulada "**Moción en Oposición a Desestimación y bajo los Fundamentos de Relevo de Sentencia de la Regla 49.2 de Procedimiento Civil de 2009**" (en adelante, "Oposición").

Luego de varios trámites procesales, el 28 de mayo de 2026, el foro de instancia declaró "Ha Lugar" la referida "**Moción de Desestimación**". Insatisfecho con ello, el 5 de junio de 2026, el Apelante acudió ante este Tribunal mediante el recurso de epígrafe, señalando los errores que se detallan a continuación:

1. Err[ó] el [T]ribunal de [P]rimera [I]nstancia [S]ala [S]uperior Honorable Mónica Alpi Figueroa al no adjudicar conforme a derecho ninguna posición de la oposición moción de desestimación por lo tanto decido completamente a base de lo que el demandado le indico como si el demandado fuera el demandante y como si la oposicion a desestimación no existiera. Por lo cual siendo una desestimación bajo la regla 10 de procedimiento civil de 2009 procede que el tribunal apelativo vea la oposición a desestimación donde este caso nos la misma transacción jurídica.

2. El [T]ribunal de Ponce violent[ó] la doctrina de no impairment de los contratos que está en la constitución federal. Violentó el [T]ribunal de Ponce el derecho a que su demanda fuera adjudicada en los méritos y que sus puntos de vista fueran adjudicados. Violó la enmienda 14

federal el [T]ribunal de Ponce al no adjudicar nada de la oposición a desestimación. Violó el [T]ribunal la aplicación de cosa juzgada.

## II.

## A.

La Regla 10.2 de Procedimiento Civil y su jurisprudencia interpretativa le confiere al demandado la oportunidad de presentar cualquiera de las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) que las alegaciones del demandante dejan de exponer una reclamación que justifique la concesión de un remedio; y (6) la falta de una parte indispensable. 32 LPRA Ap. V, R. 10.2.

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra*, es una defensa que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra. Aut. Tierras v. Moreno & Ruiz Dey. Corp., 174 DPR 409, 428 (2008); Colón v. Lotería, 167 DPR 625, 649 (2006). En general, la Regla 10.2 de Procedimiento Civil, *supra*, "recoge defensas que pueden plantearse, a opción del demandado, en una moción de desestimación antes de contestar o en la misma contestación a la demanda". González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009) (citando a R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 4ta ed., San Juan, Ed. Lexisnexis, 2007, Sec. 2601, pág. 230).

De ahí que, al considerar una moción para desestimar una demanda por ésta dejar de exponer una reclamación que justifique la concesión de un remedio, deba ser evaluada de forma crítica. Ello, puesto que el tribunal está obligado a tomar como ciertos los hechos bien alegados en la demanda. MCG Therapy Group, LLC. V. Maestre Rivera y otros, 218 DPR ____; 2026 TSPR 56. Hecha esta salvedad, el Tribunal interpretará las aseveraciones de la demanda en la forma más favorable para el demandante formulando en su favor todas las inferencias que puedan asistirle. Rivera Sanfeliz, *et al*. v. Jta. Dir. First Bank, 193 DPR 38, 49 (2015). De igual forma, nuestro más alto foro ha establecido que:

> [A] los fines de disponer de una moción de desestimación, estamos obligados a dar por ciertas y buenas todas las alegaciones fácticas de la demanda presentada. Para prevalecer, el promovente de la moción

tiene que demostrar que, aun así, la demanda no expone una reclamación que justifique la concesión de un remedio. Esta doctrina se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente, que de su faz no den margen a dudas. Pressure Vessels PR v. Empire Gas PR, 137 DPR 497, 505 (1994).

Sobre este asunto, el Dr. José Cuevas Segarra expone que "[e]n la moción de desestima[ción] no se trata de poner en duda los hechos alegados en la demanda, sino atacarla por un vicio intrínseco, por ejemplo: insuficiencia, ausencia de parte indispensable, [o] falta de jurisdicción". J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Publicaciones JTS, San Juan, Tomo I, 2000, pág. 275.

En fin, "la demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación". Pressure Vessels PR. v. Empire Gas P.R., *supra*, pág. 505. Consecuentemente, se debe considerar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". Íd.

Ahora bien, si en una moción basada en la Regla 10.2 (5) de Procedimiento Civil, *supra*, se esbozan materias no contenidas en la alegación impugnada —y estas no son excluidas por el tribunal— la moción deberá ser considerada como una solicitud de sentencia sumaria. En consecuencia, estará sujeta a todos los trámites provistos en la Regla 36 de Procedimiento Civil hasta su resolución final. De manera que, todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla. Regla 10.2 de Procedimiento Civil, *supra.*

Relacionado con lo anterior, la jurisprudencia ha identificado casos que contienen elementos subjetivos, de intención, propósitos mentales o negligencia. A saber, "controversias en las que el factor credibilidad juega un papel esencial, si no decisivo, para llegar a la verdad, y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso de un juicio vivo." Rosario Ortíz v. Nationwide Mutual Insurance Co., 158 DPR 775, 780-781 (2003). A esos efectos, "la privación a un litigante de su 'día en corte' es una medida procedente sólo en casos extremos y que debe usarse solamente en casos claros. Íd., pág. 780.

**B.**

La doctrina de cosa juzgada emerge del derogado Artículo 1204 del Código Civil de Puerto Rico, 31 LPRA sec. 3343, y del Artículo 421 del Código de Enjuiciamiento Civil, 32 LPRA sec. 1793. El fin ulterior que persigue es que los litigios no tengan vida eterna en los tribunales y no sujetar a las partes a los inconvenientes que representa litigar asuntos que fueron adjudicados o que pudieron serlo. Zambrana v. Tribunal Superior, 100 DPR 179, 181 (1971).

La aplicabilidad de esta defensa va a depender de que "concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron". Ortiz Matías v. Mora Dev., 187 DPR 649, 655 (2013). Entiéndase, para que proceda la defensa de cosa juzgada deben concurrir los siguientes requisitos: (1) una sentencia final en sus méritos en una reclamación previa; (2) que las partes en ambos pleitos sean las mismas y litiguen en la misma calidad; y (3) que las causas de acción en ambos casos sean iguales. Acevedo v. Western Digital Caribe, Inc., 140 DPR 452, 465 (1996). Es importante precisar que, de cumplirse con los requisitos antes señalados, no sólo los asuntos litigados y adjudicados son considerados cosa juzgada, sino también aquellas cuestiones que pudieron haberse litigado y adjudicado con propiedad, aun cuando no fueron planteada*s*. AAA v. UIA, 199 DPR 638, 662 (2018); Mun. de San Juan v. Bosque Real S.E., 158 DPR 743, 769 (2003) (énfasis suplido).

**III.**

En el presente caso, el Apelante nos solicitó la revocación de la *Sentencia* del TPI mediante la cual se declaró "Ha Lugar" la "**Moción de Desestimación**" presentada por Caribbean.

Por estar estrechamente relacionados, discutiremos ambos señalamientos de error de manera conjunta. En esencia, el Apelante sostiene que el TPI erró al desestimar la "**Querella**", sin considerar ni adjudicar los planteamientos expuestos en su oposición a la "**Moción de Desestimación**". Asimismo, alega que el foro primario vulneró su derecho a que su reclamación fuera adjudicada en sus méritos y aplicó incorrectamente la doctrina de cosa juzgada, al tratar la presente controversia como una ya previamente resuelta.

Del expediente ante nuestra consideración se desprende que, el 20 de enero de 2026, el señor Ruiz Romero presentó una "**Querella**" contra Caribbean en la que reclamó despido injustificado y discrimen por razón de sexo y condición social. En respuesta, Caribbean presentó una "**Moción de Desestimación**", sosteniendo que la acción constituía un intento de relitigar controversias previamente adjudicadas entre las partes en varios pleitos. El 22 de abril de 2026, el Apelante presentó su correspondiente *Oposición.* Luego de varios trámites procesales, el 28 de mayo de 2026, el TPI declaró "Ha Lugar" a dicha moción y desestimó las causas de acción.

Conforme adelantáramos en los acápites anteriores, la doctrina de cosa juzgada impide que las partes relitiguen controversias que ya fueron adjudicadas o que pudieron haber sido litigadas en un pleito previo, siempre que medie una sentencia final en los méritos y concurra la identidad de cosas, causas y partes. Acevedo v. Western Digital Caribe, Inc., *supra*, 465.

Tras un análisis detenido y sosegado del expediente ante nuestra consideración incluyendo la "**Querella**", la "**Moción de Desestimación**", su correspondiente *Oposición* y la *Sentencia* apelada, hemos arribado a la conclusión de que el TPI actuó correctamente al declarar "Ha Lugar" dicha petición. Nos explicamos.

Es menester destacar que la reclamación de epígrafe no constituye una controversia novedosa entre las partes. Por el contrario, surge del legajo apelativo que el señor Ruiz Romero ha promovido múltiples acciones judiciales contra Caribbean relacionadas con la misma relación obrero-patronal y sustentadas, en esencia, en el mismo núcleo de hechos y alegaciones. En particular, las controversias planteadas ya habían sido objeto de litigio en los casos núms. JD2025CV00543, JPE2014-0206 (cuyo trámite apelativo culminó en el caso KLAN201401270), JAC2016-024 y JPE2017-0217, todos los cuales culminaron mediante determinaciones que advinieron finales, firmes e inapelables.

Más aún, y al tomar conocimiento judicial de dichos litigios, en unión a la evaluación de la "**Querella**" de autos, se desprende una sustancial identidad de partes, de causas y del núcleo de hechos que sirve de fundamento a las reclamaciones. Asimismo, los remedios solicitados son, en esencia, los mismos. Dicho de otro modo, la presente acción no persigue otra cosa que obtener una

nueva adjudicación sobre controversias previamente resueltas o que pudieron haber sido litigadas en dichos procedimientos.

No empece a lo anterior, el Apelante sostiene que el TPI erró al no atender los planteamientos contenidos en su *Oposición* a la "**Moción de Desestimación**". Sin embargo, tal argumento no derrota la aplicación de la doctrina de cosa juzgada. Nuestro ordenamiento jurídico no permite que una parte, mediante la radicación sucesiva de nuevas acciones, procure revisar indirectamente determinaciones que advinieron finales y firmes o replantee reclamaciones que pudieron haber sido ventiladas oportunamente. De hecho, esta es la quinta ocasión que el Apelante mueve la maquinaria judicial para plantear asuntos que fueron o que debieron ser planteados.

En consecuencia, coincidimos con el proceder del foro *a quo* al desestimar la "**Querella**", pues permitir la continuación del presente pleito equivaldría a conferir una vida indefinida a controversias previamente adjudicadas, que es lo que precisamente la doctrina de cosa juzgada pretende evitar.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *confirmamos* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones